# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| PAUL ANTHONY SCALES, | § | |
| | § | |
| V. | § | A-08-CA-862-LY |
| | § | |
| NATHANIEL QUARTERMAN | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 11). Petitioner did not file a response thereto. Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned recommends that the application for writ of habeas corpus be denied.

## STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 368th Judicial District Court of Williamson County, Texas in cause number 07-830-K368, styled <u>The State of Texas v. Paul Anthony Scales</u>. Petitioner was charged in a five-count indictment with aggravated robbery (Count I), aggravated kidnaping (Counts II and III), and burglary with intent to commit a felony (Counts IV and V). The indictment included a "deadly

weapon" notice. On March 25, 2008, after being fully admonished by the trial court, Petitioner entered a negotiated guilty plea to the trial court for aggravated robbery (Count I) and aggravated kidnaping (Count III), as alleged in the indictment. On that same day, the trial court assessed Petitioner's punishment at 40 years imprisonment on each count to run concurrently.

Petitioner did not appeal his conviction. He did, however, challenge his conviction in a state application for habeas corpus relief. Ex parte Scales, Appl. No.70,368-01. Although the trial court recommended dismissing the application as non-compliant, the Texas Court of Criminal Appeals denied the application without written order on September 17, 2008. Id. at cover.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. Petitioner was denied the effective assistance of trial counsel where the trial court denied Petitioner's right to terminate the state attorney;

2. Petitioner was denied the effective assistance of trial counsel in that trial counsel failed to file any motions regarding my case . . .[and] failed to give me any paper work;"

3. Petitioner's conviction was obtained by a coerced confession, in that "the D.A. failed to lower the time aka a unconstitutionally disproportionate sentence;" and

4. The "Corpus Delicti Rule" applies in that there is "insufficient evidence."

**C.     Exhaustion of State Court Remedies**

Respondent argues Petitioner did not exhaust his state court remedies with regard to his first three claims brought in this application. Respondent does not move to dismiss Petitioner's application for failure to exhaust state court remedies. Rather, Respondent argues Petitioner's unexhausted claims are procedurally barred.

2

## DISCUSSION AND ANALYSIS

All of Petitioner's claims are procedurally barred. Petitioner has not exhausted his first three claims. A subsequent state application for habeas corpus on Petitioner's unexhausted issues would be futile as it would be dismissed pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 as an abuse of the writ. When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case. Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553 (1991). In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief. Harris v. Reed, 489 U.S. 255, 262, 109 S. Ct. 1038, 1043 (1989). Additionally, even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred. Coleman, 501 U.S. at 735, 111 S. Ct. at 2557. The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. Id. at n.1. However, a petitioner can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to address the merits of the federal claim would result in a miscarriage of justice. Moore v. Roberts, 83 F.3d 699, 702 (5th Cir. 1996), citing Coleman, 501 U.S. at 750, 111 S. Ct. 2565, cert. denied, 519 U.S. 1093, 117 S. Ct. 773 (1997). Petitioner has failed to show cause and actual prejudice for his

3

procedural default and has made no showing that a failure to address the merits of the federal claims would result in a miscarriage of justice.

In his final ground for relief Petitioner argues the evidence is insufficient to support his conviction. Petitioner relies on the "corpus delicti rule." Petitioner presented this same claim in his state application for habeas corpus relief. Although the Court of Criminal Appeals stated no reasons when it denied habeas relief, that court has long held that the sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding. West v. Johnson, 92 F.3d 1385, 1389 n. 18 (5th Cir.1996), cert. denied, 520 U.S. 1242, 117 S. Ct. 1847 (1997); Ex parte McLain, 869 S.W.2d 349, 350 (Tex. Crim. App.1994). Indeed, the Court of Criminal Appeals recently reaffirmed that where a state habeas applicant challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because it was not cognizable. Ex parte Grigsby, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Thus, this procedural default in the state court procedurally bars this Court from addressing the merits of Petitioner's sufficiency claim. Ylst v. Nunnemaker, 501 U.S. 797, 801-07, 111 S. Ct. 2590 (1991). In addition, Petitioner's argument, based upon Texas law, fails to raise issues of constitutional dimension. Texas' corpus delicti requirement is not constitutionally mandated. See West v. Johnson, 92 F.3d 1385, 1393-94 (5th Cir. 1996); Autry v. Estelle, 706 F.2d 1394, 1407 (5th Cir. 1983) (stating that "[s]uch a state rule of 'corpus delicti' has no independent constitutional footing").

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied, as Petitioner's claims are procedurally barred.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of April, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE